John R. Lawless (State Bar No. 223561)
JLawless@kslaw.com
**KING & SPALDING LLP**
633 West Fifth St., Suite 1600
Los Angeles, CA 90071
Telephone:  (213) 443-4352
Facsimile:   (213) 443-4310

Attorney for Defendants
Capital One Financial Corporation,
Capital One, N.A., Capital One Bank
(USA), N.A.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| CHRISTINA LABAJO and MARY YOON, on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, CAPITAL ONE, N.A., and CAPITAL ONE BANK (USA), N.A.,<br><br>Defendants. | Case No. 5:19-cv-01431-JGB-SP<br><br>**DEFENDANTS' UNOPPOSED MOTION TO STAY OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT; DECLARATION OF JOHN R. LAWLESS IN SUPPORT**<br><br>Complaint Filed:  August 1, 2019 |

# DEFENDANTS' UNOPPOSED MOTION TO STAY OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT

Defendants Capital One Financial Corporation, Capital One, N.A., and Capital One Bank (USA), N.A. (collectively, "Capital One") request that the Court stay all proceedings and deadlines in this action pending resolution of the motions for transfer and consolidation under 28 U.S.C. § 1407 that are currently pending before the Judicial Panel on Multidistrict Litigation ("JPML"). The JPML will hear oral argument on the Section 1407 motions on September 26, 2019, and Capital One anticipates an order regarding transfer and consolidation of this case and other related cases to be issued shortly thereafter. Plaintiffs have advised Capital One that they agree to the requested stay.[1]

This case is one of over 50 putative class actions filed in connection with the cyber incident that Capital One announced on July 29, 2019. Plaintiffs filed the Complaint in this case on August 1, 2019; Capital One was served with the Complaint on August 19, 2019; and Capital One's deadline to respond to the Complaint is currently September 9, 2019.

On July 31, 2019, plaintiffs in a related case, *Fadullon v. Capital One Financial Corporation, et al.*, Case No. 2:19-cv-01189 (W.D. Wash., filed July 30, 2019), filed a motion for consolidation and transfer under 28 U.S.C. § 1407 with the JPML in *In re Capital One Consumer Data Breach Litigation*, MDL No. 2915 (J.P.M.L. July 31, 2019) ("*In re Capital One*"). *See In re Capital One*, Dkt. No. 1. That motion seeks to have related actions arising out of the Capital One cyber incident, including this case, consolidated with the *Fadullon* case and transferred to the Western District of Washington for pretrial proceedings. Subsequently, plaintiffs in other related cases have filed briefs in the *In re Capital One* matter that support transfer and consolidation, but

---

[1] By this motion, seeking only to stay the proceedings in this case or to extend Defendants' response deadline, Defendants do not intend to waive, and hereby preserve, all defenses, including defenses based on lack of personal jurisdiction and lack of venue.

seek other transferee courts, including the Eastern District of Virginia (*id.* at Dkt. Nos. 5 and 7) and the District of the District of Columbia (*id.* at Dkt. No. 8). Numerous notices of related actions have also been filed in *In re Capital One*, and additional related cases continue to be filed and are in the process of being noticed to the JPML as potential tag-along actions.

Given that over 50 putative class actions have been filed, all related to the same underlying event and asserting the same or substantially similar factual allegations, the JPML is highly likely to grant the motions for transfer and consolidation. If it does, to conserve the parties' resources and promote judicial economy, this case will be consolidated with the other putative class actions for centralized pretrial proceedings in a single transferee court. Under these circumstances, "courts 'frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case.'" *Jones v. Sanofi US Servs., Inc.*, No. 18-cv-8268, 2018 WL 6842605, at *1 (C.D. Cal. Nov. 19, 2018) (quoting *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998)); *see also Dean v. Colgate-Palmolive Co.*, 2016 WL 7647687, at *4 (C.D. Cal. Aug. 18, 2016) (granting stay pending JPML decision due to principles of judicial economy and prejudice to the parties); *Ernyes-Kofler v. Sanofi S.A.*, No. 5:16-cv-07307, 2017 WL 813506 (N.D. Cal. Mar. 2, 2017) (granting stay pending JPML's resolution of Section 1407 motion in the interests of judicial economy and efficiency). Indeed, as this Court has recognized, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997); *see also Clinton v. Gov't Employees Ins. Co.*, No. 2:16-cv-430, 2016 WL 9308421, at *1 (E.D. Va. Nov. 23, 2016) ("[C]ourts frequently grant stays in cases when an MDL decision is pending.") (internal quotation marks omitted); *Bonefant v. R.J. Reynolds Tobacco Co.*, No. 07-60301-CIV, 2007 WL 2409980, at * 1 (S.D. Fla. July 31, 2007) ("[I]t is common practice for courts to stay an action pending a transfer decision by the JPML.").

Capital One further notes that it has filed, or will file, a motion to stay in each of the related putative class actions until the JPML rules on the Section 1407 motions for consolidation and transfer. As of the time of filing, at least twenty of Capital One's motions to stay have been granted in other related cases. *See, e.g.*, *Berger v. Capital One Fin. Corp.*, No. 1:19-cv-2298 (D.D.C. Aug. 22, 2019) (minute entry granting motion to stay pending JPML's decision regarding transfer); *Lipskar v. Capital One Fin. Corp.*, No. 1:19-cv-2328 (D.D.C. Aug. 22, 2019) (same); *Tadrous v. Capital One Fin. Corp.*, No. 1:19-cv-2292 (D.D.C. Aug. 22, 2019) (same); *Francis v. Capital One Fin. Corp.*, No. 8:19-cv-1898 (M.D. Fla. Aug. 21, 2019), ECF No. 11 (granting Capital One's motion and staying case until the JPML resolves the pending motion to consolidate and transfer); *Anthony v. Capital One Fin. Corp.*, No. 3:19-cv-608 (E.D. Va. Aug. 20, 2019), ECF No. 10 (same); *Dames v. Capital One Fin. Corp.*, No. 3:19-cv-607 (E.D. Va. Aug. 20, 2019), ECF No. 15 (same); *Cox v. Capital One Fin. Corp.*, No. 1:19-cv-1042 (E.D. Va. Aug. 20, 2019), ECF No. 6 (same); *Hun v. Capital One Fin. Corp.*, No. 1:19-cv-4436 (E.D.N.Y. Aug. 20, 2019) (minute entry granting Capital One's motion to stay); *Busby v. Capital One Fin. Corp.*, No. 1:19-cv-1062 (E.D. Va. Aug. 16, 2019), ECF No. 11 (granting Capital One's motion to stay); *Heath v. Capital One Fin. Corp.*, No. 3:19-cv-555-JAG (E.D. Va. Aug. 16, 2019), ECF No. 14 (granting opposed motion to stay and staying eight additional related cases pending decision from the JPML); *Hilker v. Capital One Fin. Corp.*, No. 1:19-cv-995-RDA-JFA (E.D. Va. Aug. 16, 2019), ECF No. 15 (staying related case pending decision from the JPML); *Aminov v. Capital One Fin. Corp.*, No. 1:19-cv-1006 (E.D. Va. Aug. 16, 2019), ECF No. 9 (same).

Here, too, a short stay of proceedings until the JPML resolves the pending Section 1407 motions will promote judicial economy and sound judicial administration, avoid duplicative pretrial proceedings and potentially inconsistent pretrial rulings, and prevent prejudice to both Plaintiffs and Capital One. Moreover, both Capital One and the Plaintiffs agree to a stay.

\*   \*   \*

Capital One respectfully requests that this Court stay all proceedings in this matter until the JPML rules on the transfer of this case. In the alternative, should the Court decline to stay these proceedings, in order to afford Capital One adequate time to prepare an answer or response to the Complaint, Capital One requests that the Court extend its deadline to answer or respond to the Complaint to 30 days from an order denying the motion to stay. Capital One's deadline to respond to the Complaint has not been extended previously. A proposed order is attached for the Court's consideration as Exhibit A.

Respectfully submitted, this 3rd day of September, 2019.

*/s/ John R. Lawless*
John R. Lawless
KING & SPALDING LLP
633 West Fifth St., Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4352
Facsimile: (213) 443-4310
jlawless@kslaw.com

*Attorney for Defendants*

# DECLARATION OF JOHN R. LAWLESS IN SUPPORT OF DEFENDANTS' MOTION TO STAY

I, John R. Lawless, declare:

1. I am an attorney duly licensed to practice law before all courts of the State of California and the U.S. District Court for the Central District of California and am one of the attorneys of record for Capital One Financial Corporation, Capital One, N.A., and Capital One Bank (USA), N.A. (collectively, "Capital One"). I have reviewed the file and am familiar with its contents, and as such I have personal knowledge of the facts set forth herein. I make this declaration in support of Defendants' Unopposed Motion to Stay, or in the Alternative, for an Extension of Time to Respond to Complaint.

2. Attorneys from my law firm consulted with Plaintiff's counsel in this matter, who advised that Plaintiff does not oppose a stay of this case pending the JPML's ruling on the motions for transfer and consolidation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: September 3, 2019              **KING & SPALDING LLP**

                                      By: */s/ John R. Lawless*
                                      John R. Lawless

                                      Attorneys for Defendants